FILED
2021 MAR 4
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AMY H.,<br><br>Plaintiff,<br>v.<br><br>ANDREW M. SAUL,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:20-cv-00014-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred from Judge Jill N. Parrish pursuant to 28 U.S.C. 636(b)(1)(B) (ECF 14). Plaintiff, Amy H., seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner or Defendant) denying her application for disability insurance benefits (DIB). After careful consideration of the written briefs, the administrative record, and relevant legal authorities, the court recommends that the decision be REVERSED AND REMANDED for further proceedings.

## I. BACKGROUND

Plaintiff was 42 years old on her alleged disability onset date of February 17, 2017 (ECF 8 Certified Administrative Transcript (Tr.) 237). Plaintiff has a bachelor's degree and prior skilled work as a user analyst, medical secretary, medical record technician, and as a library clerk (Tr. 43-46, 70). On July 3, 2017, Plaintiff applied for disability benefits under Title II of the Social Security Act alleging disability due to psoriatic arthritis, osteoarthritis, depression, anxiety, insomnia, hypothyroidism, restless legs, Wolfe Parkinson White Syndrome, obesity, and near sightedness (Tr. 241).

The Administrative Law Judge (ALJ) determined Plaintiff had the severe impairments of osteoarthritis, degenerative disc disease of the lumbar spine with radiculopathy, carpal/cubital tunnel syndrome of the left upper extremity, a small nodule at the base of the right thumb, obesity, fibromyalgia, major depressive disorder, and anxiety disorder (Tr. 16). The ALJ considered Plaintiff's spinal impairment under Listing 104.A, musculoskeletal impairments under Listing 1.02, and her mental impairments under the paragraph B and C criteria, finding none applied (Tr. 17-18). Next, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (Tr. 18). At step four, the ALJ found that, given this RFC, Plaintiff was unable to perform her past relevant work as a user support specialist, medical secretary, medical records technician, claims clerk, or library clerk (Tr. 21-22). At step five, the ALJ determined that Plaintiff could make successful adjustment to work which existed in significant numbers in the national economy (Tr. 22). The ALJ therefore concluded that Plaintiff was not disabled and denied disability benefits (Tr. 23).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–3) making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

(1) The claimant presently engages in substantial gainful activity;
(2) The claimant has a medically severe physical or mental impairment or impairments;
(3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which preclude substantial gainful activity;
(4) The impairment prevents the claimant from performing his or her past work; and
(5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See id.* A claimant's RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other work existing in the national economy. *Id.*

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). While substantial evidence is "more than a scintilla," it means only "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax,* 489 F. 3d at 1084 (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 172 (10th Cir. 2005)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "'[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal.'" *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Harmless error applies only if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### III.   DISCUSSION

Plaintiff's opening brief alleges that: (1) the ALJ improperly discredited the opinion of Plaintiff's treating physician Dr. David Cope (Dr. Cope) and, therefore, the decision is not supported by substantial evidence; (2) the ALJ impermissibly "cherry-picked" evidence

regarding Plaintiff's fibromyalgia; and (3) the ALJ erred in failing to consider Plaintiff's somatic symptom disorder at steps two and three (ECF 17).

Defendant contends that under the new SSA regulations, the ALJ did not err in finding Dr. Cope's opinion unpersuasive (ECF 21). Defendant also argues the record demonstrates that Plaintiff's fibromyalgia did not cause limitations that would prevent her from performing a reduced range of simple light work, and that Plaintiff cannot establish that her alleged somatic symptom disorder imposed greater limitations than assessed by the ALJ (*Id*.).

### A. The ALJ did not commit harmful error in evaluating Plaintiff's treating physician's opinion.

Plaintiff argues the ALJ did not properly evaluate Dr. Cope's opinion that "[d]ue to depression, [Plaintiff] is unable to focus and cognate and complete simple or complex tasks." (ECF 17 *citing* Tr. 453). The ALJ ultimately found Dr. Cope's opinion was "not persuasive" in part, because "[a]lthough psychotropic medication has been prescribed, the claimant has not sought mental health therapy, and has maintained part-time work." (Tr. 20-21). Plaintiff argues substantial evidence in the record demonstrates that Plaintiff had, in fact, been receiving mental health therapy from multiple providers and therefore the ALJ's decision to discredit Dr. Cope's opinion was reversible error. Specifically, Plaintiff contends her claim for DIB should be remanded to reevaluate the severity of her mental health impairments (ECF 17). Defendant agrees that the ALJ overlooked the mental health therapy Plaintiff received (ECF 21 at 6-11) However, Defendant asserts that as it relates to Dr. Cope's overall medical opinion, the ALJ considered Plaintiff's mental health elsewhere in his decision and gave other valid reasons for finding Dr. Cope's opinion unpersuasive and, therefore, any error is harmless (*Id*.). The court agrees.

An ALJ must evaluate every medical opinion. 20 C.F.R. § 404.1527(c). In evaluating claims filed March 27, 2017 or later, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using five factors: 1) supportability; 2) consistency; 3) relationship with the claimant; 4) specialization; and 5) other factors tending to support or contradict an opinion or prior medical finding. 20 C.F.R. § 404.1520c(1)-(5); *see also Harris v. Saul*, 19-CV-03715, 2021 WL 406080, at *2 (D. Colo. Feb. 5, 2021). The "most important factors in evaluating persuasiveness are supportability and consistency." *Harris*, 2021 WL 406080, at *2.

Here, the ALJ found Dr. Cope's medical opinion not persuasive as it was inconsistent with Plaintiff's medical and work record (Tr. 20). The ALJ did err in stating Plaintiff had not sought mental health treatment, however he did in fact consider Plaintiff's mental health disorders. The ALJ references (albeit in a different part of the opinion), a psychological examination with Dr. Craig Swaner and noted the "long history of depression" and its effects, but also that while Plaintiff had difficulty with persistence and pace, her concentration was normal, and she had "adequate calculation, abstract reasoning, and common-sense skills" (Tr. 20). The ALJ also notes a mental status exam in December 2018 which showed "intact memory, anxious affect, local thoughts, grossly intact attention, fair insight and judgment" and that Plaintiff reported her medications were helping her manage depression and anxiety (Tr. 20). The record shows the ALJ ultimately found that Plaintiff's physical impairments can compound Plaintiff's mental impairments, "thereby liming her ability to consistently perform complex tasks" (Tr. 20). The totality of the record therefore supports that the ALJ did consider Plaintiff's mental health and Plaintiff does not provide any authority that it must be discussed in the same section where Dr. Cope's opinion is being discounted. *See, e.g.*, *Endriss v. Astrue*, 506 F. App'x

772, 775 (10th Cir. 2012) (unpublished) (evaluating an ALJ's decision and explaining it reviewed the ALJ's decision as a whole).

Moreover, because the ALJ gave other valid reasons for finding the opinion unpersuasive—including that it was inconsistent and unsupported—his error in stating that Plaintiff had not engaged in mental therapy was harmless. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (holding that where we can follow the adjudicator's reasoning and can determine that correct legal standards have been applied, "merely technical omissions in the ALJ's reasoning do not dictate reversal.").

### B. The ALJ did not err in evaluating Plaintiff's fibromyalgia.

The ALJ determined Plaintiff's fibromyalgia was a severe condition which significantly limits her ability to perform basic work functions (Tr. 16). However, citing Plaintiff's treating physician Dr. Gregory Austad's (Dr. Austad) December 5, 2018 visit notes (TR 507), the ALJ found Plaintiff's fibromyalgia was "stable with medications" and the only continuing symptom of her diagnosis was fatigue (Tr. 19). Plaintiff alleges this is misleading and inaccurate (ECF 17). The court disagrees.

While the ALJ is not required to explicitly discuss every treatment note, the record shows the ALJ did consider and evaluate Plaintiff's fibromyalgia. *See Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009) ("The ALJ is not required to 'discuss every piece of evidence'")(internal citation omitted). The record includes substantial evidence supporting the ALJ's RFC finding. Dr. Austad's notes indicate that on September 6, 2018, Plaintiff was tolerating her fibromyalgia medication, but her pain was making it hard to continue to work (Tr. 526). Dr. Austad's September 6 notes also state Plaintiff reported that she was "still in significant pain," that Dr. Austad increased Plaintiff's fibromyalgia medication from 225 to 300 milligrams daily and wrote Plaintiff a work note indicating that she was having difficulty working (Tr. 526, 528, 532).

However, Dr. Austad's December 5, 2018 visit notes state that Plaintiff's fibromyalgia was "stable," Plaintiff "still has daytime fatigue," and he continued her on the 300-milligram medication (Tr. 507). To support his conclusion that the fibromyalgia was stable with fatigue symptoms, the ALJ references Dr. Austad's treatment notes from the December 5, 2018 visit (Tr. 19).

Plaintiff's testimony also supports the ALJ's determination that Plaintiff did not suffer from any significant limitations in performing daily and routine activities. Plaintiff testified that she was able to work a four to eight hours shift at the Sam's Club café on a busy Saturday afternoon (Tr. 39-40, 49, 66), retrieve items from the top shelf of a kitchen cabinet (Tr. 58), and sweep and vacuum her home (Tr. 61). Plaintiff also answered in the affirmative when asked if her fibromyalgia was "under control pretty good" (Tr. 42).

The reference to Dr. Austad's December 5, 2018 treatment note and Plaintiff's activities and testimony support the ALJ's RFC assessment, which is consistent with the record as a whole. Plaintiff does not point to any additional evidence in the record that indicates her fibromyalgia caused functional limitations greater than the RFC. *See McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) ("the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC [assessment] or discuss any evidence that would support the inclusion of any limitations")(internal quotations omitted). Thus, the ALJ's evaluation of Plaintiff's fibromyalgia does not evidence the ALJ cherry-picked from medical reports or ignored evidence.

### C. The ALJ committed reversible error in failing to consider Plaintiff's somatic symptom disorder.

Neither party disputes that the ALJ's decision is silent as to Plaintiff's somatic symptom disorder (ECF 17 at 10; ECF 21 at 14). Notwithstanding, Defendant argues the error is harmless

because the ALJ found other severe impairments and evaluated Plaintiff's mental and physical impairments as part of the RFC evaluation (ECF 21 at 15).  The court disagrees the error is harmless.  Here, although the ALJ failed to determine whether Plaintiff's somatic symptom disorder was severe or non-severe at step two, his failure to discuss any of Plaintiff's somatic symptoms amounted to reversible error in his step three analysis and thereafter.

      An ALJ must consider the limiting effects of non-severe impairments in determining the claimant's RFC.  20 C.F.R. § 404.1545(e).  While Defendant is correct that the ALJ found Plaintiff had other severe impairments at step two, proceeded through the rest of the sequential evaluation process, and considered the interplay between Plaintiff's mental and physical impairments as part of the RFC evaluation (Tr. 21), the ALJ failed to consider the specific limiting effects of Plaintiff's somatic symptom disorder and did not specifically evaluate the claim pursuant to Listing 12.07 for somatic symptom and related disorders at step three or thereafter.

      Defendant cites to *Allman v. Clovin* in arguing that this failure at step two does not warrant remand (ECF 21 at 7).  *See Allman v. Clovin,* 813 F. 3d 1326, 1330 (10th Cir. 2016)(holding "[a]s long as the ALJ finds one severe impairment, the ALJ may not deny benefits at step two but must proceed to the next step.  Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds at least one other impairment is severe.").  However, *Allman* is distinguishable from the facts here.  In *Allman*, the ALJ determined a claimant's headaches were not severe at step two but did go on to consider the limiting effects of claimant's non-severe headaches in determining claimant's RFC.  *Allman* 813 F.3d at 1331.  Here, the ALJ did not consider whether this impairment was severe or non-severe at step two and did not discuss whether it met or equaled a listing and step three.  While that alone may not amount to reversible error, the ALJ's decision does not contain any discussion

about Plaintiff's somatic system disorder or the limiting symptoms therefrom.  The court is thus not persuaded by Defendant's argument and reliance on *Allman*.  Without a relevant analysis of Plaintiff's somatic symptom disorder, this court cannot "assess whether relevant evidence adequately supports the ALJ's conclusion that [Plaintiff]'s impairments did not meet or equal any Listed Impairment, and whether [the ALJ] applied the correct legal standards to arrive at the conclusion."  *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence and the correct legal standards were not applied.  Thus, the undersigned recommends the Commissioner's decision be REVERSED AND REMANDED.

## NOTICE

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4 March 2021.

*[signature: Cecilia M. Romero]*

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah